UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

SPIN-BALLS, LLC,

    Plaintiff,

vs.

FIVE BELOW, INC.,
1616 HOLDINGS, INC.,
JM MANUFACTURING (HK) LTD.,
RMS INTERNATIONAL (USA) INC.

    Defendants.
_____/

Case No.
JURY DEMANDED

**TEMPORARY RESTRAINING ORDER**

This matter is before the Court on Plaintiff, Spin-balls, LLC's d/b/a Fun In Motion Toys ("FIMT") ex parte Motion for a Temporary Restraining Order and Expedited Discovery (the "Motion"), filed on November 27, 2023, against certain Defendants, Five Below, Inc. ("Five Below"), 1616 Holdings, LLC ("1616 Holdings"), and JM Manufacturing (HK) Ltd. ("JMM") (herein, the "Defendants"). As required under Local Rules for the Middle District of Florida, Rule 6.01, Plaintiff filed a proposed form of the Temporary Restraining Order. This Court, having considered the Motion and evidence before it, hereby **GRANTS** the Motion, a Temporary Restraining Order is hereby **ENTERED** against Defendants and

-1-

Plaintiff's request to take the limited expedited discovery of Defendants shall be allowed, as follows:

### *Entry of Temporary Restraining Order*

This Court finds, in the absence of adversarial presentation and upon the exhibits presented in support of the Motion, that it has personal jurisdiction over the Defendants, which directly target their business activities toward consumers in the United States, including the State of Florida, the Middle District of Florida and within the Tampa Division.

Specifically, FIMT has provided a basis to conclude that Defendants have targeted sales of the "Magic Cube," including Five Below, Inc.'s Stock Keeping Unit ("SKU") Numbers 1922342843680, 1922342843673, 1922342843697 and equivalent products, to Florida residents by operating 151 corporate-owned retail stores in the State of Florida, by selling the Magic Cube in at least some of those stores, including within this District and Division, by selling Magic Cubes to Florida residents via www.fivebelow.com, and by shipping Magic Cubes to Florida residents.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because FIMT has presented specific facts in the Declarations of Mr. Kevin Schlapik and Attorney Joseph R. Sozzani, in PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY, and in the accompanying exhibits showing that immediate and

irreparable injury, loss, and damage will result to the movant before the adverse party can be heard in opposition.

Specifically, FIMT has demonstrated that the Patents-In-Suit are presumed valid and enforceable by FIMT. With detailed claim charts comparing the limitations of the claims of the Patents-In-Suit to the Magic Cube, FIMT has persuasively demonstrated that it will likely prevail on its claims of patent infringement for one or both of the Patents-In-Suit.

Further, FIMT has demonstrated that, in the absence of an ex parte Order, Defendants could and likely would continue selling the Magic Cube, leading to low customer satisfaction in the broader market for magnetic toys, which harms FIMT's reputation and the market itself. Moreover, the Magic Cube poses a significant safety risk to children because the magnets may be readily dislodged from their external recesses and pose a choking hazard.

Further still, FIMT has demonstrated that the balance of harms favors FIMT. FIMT is a relatively small company reliant upon sales of its SHASHIBO® flagship product during the holiday season. In comparison, Five Below, Inc. is a publicly traded company with a current market capitalization of over $10.6 billion, for which the Magic Cube is just one product out of thousands sold.

Further still, FIMT has demonstrated that the public interest is served by a TRO. Specifically, issuing a TRO enjoining sales of the Magic Cube will prevent consumer confusion, deception and a safety risk posed to children who are

allegedly at risk of choking on the poorly-secured magnets of the Magic Cube, which are easily dislodged from their external recesses.

Accordingly, this Court orders that:

1. Defendants FIVE BELOW, INC., 1616 HOLDINGS, INC., JM MANUFACTURING (HK) LTD., their officers, agents, servants, employees, attorneys and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from offering for sale, selling, and importing the Magic Cube, including SKUs 1922342843680, 1922342843673, and 1922342843697 and any other products not licensed by FIMT that infringe any of the claims in the Patent-In-Suit.

2. FIMT is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34 and 36, related to: a) the identities and locations of Defendants, their agents, employees, suppliers, distributors, manufacturers, attorneys, and any persons acting in concert or participation with them in relation to the design, production, distribution, and sale of the Magic Cube, including all known contact information and all associated e-mail addresses b) the quantity of Magic Cubes and equivalent products in Defendants' possession and control, the locations in which the Magic Cubes are currently located, the importation or planned importation of additional Magic Cubes from China, the location(s) where the Magic Cubes already have been imported, distributed and/or sold, are planned to be distributed

and/or sold and the location(s) where the Magic Cubes are currently being distributed, stored and/or sold in the United States;

3. Upon FIMT's request, any third party with actual notice of this Order who is providing services for any of the Defendants or in connection with any of Defendants' retail stores or ecommerce websites, including www.fivebelow.com, shall, within seven (7) days after receipt of such notice, provide to FIMT expedited discovery, limited to copies of documents in such person's or entity's possession or control sufficient to determine: a) the identities and locations of Defendants, their agents, employees, suppliers, distributors, manufacturers, attorneys, and any persons acting in concert or participation with them in relation to the design, production, distribution, and sale of the Magic Cube, including all known contact information and all associated e-mail addresses and b) the quantity of Magic Cubes and equivalent products in Defendants' possession and control, the locations in which the Magic Cubes are currently located, the importation or planned importation of additional Magic Cubes from China, the location(s) where the Magic Cubes already have been imported, distributed and/or sold, are planned to be distributed and/or sold and the location(s) where the Magic Cubes are currently being distributed, stored and/or sold in the United States;

4. FIMT may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to

        Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an e-mail to any email addresses provided for Defendants.

5.   The Clerk of the Court is directed to issue a single original summons in the name of "FIVE BELOW, INC., 1616 HOLDINGS, INC., AND JM Manufacturing (HK) Ltd." that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

6.   Within seven (7) calendar days of entry of this Order, FIMT shall deposit with the Court ten thousand dollars (USD$10,000.00), either cash or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

7.   FIMT shall file a notice with this Court verifying its deposit of the security ordered herein.

8.   Any Defendant or other person that is subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Middle District of Florida Local Rules.

9.  This Temporary Restraining Order without notice is entered at 9:00 A.M Eastern Time. On this _____ day of December 2023 and shall remain in effect for fourteen (14) days unless earlier terminated or extended by order of this Court.

10. Plaintiff shall comply with the requirements of Local Rule 6.01 following the issuance of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this _____ day of December, 2023.

_____
UNITED STATES DISTRICT JUDGE